UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00731-RJC-DCK

| JANEA M. GILLIS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| CAROLYN W. COLVIN,[1] | ) |  |
| **Acting Commissioner of Social Security** | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 12), seeking reversal of the decision made by the Commissioner of Social Security ("Commissioner") to deny her claim for Supplemental Security Income ("SSI") benefits, and Defendant's Motion for Summary Judgment, (Doc. No. 14), seeking affirmation of the decision to deny Plaintiff's claim for SSI benefits.

**I.    BACKGROUND**

A.    Procedural Background

Plaintiff Janea M. Gillis ("Plaintiff") seeks judicial review of the Commissioner's denial of her social security claim. (Doc. No. 1). On April 23, 2009, Plaintiff applied for SSI benefits for an alleged disability that began on January 1, 1997. (Doc. Nos. 10-4 at 2-6; 10-6 at 2).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C.§ 405(g).

Plaintiff's claim was denied initially on September 15, 2009, and upon reconsideration on June 11, 2010, by the Commissioner. (Doc. Nos. 10-4 at 4, 6; 10-3 at 25).

Upon Plaintiff's request, the Administrate Law Judge ("ALJ") held a hearing on March 18, 2011, to decide whether Plaintiff's claim for SSI benefits should be granted. (Doc. No. 10-3 at 38). On May 6, 2011, the ALJ found that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act, and accordingly denied Plaintiff's claim for SSI benefits. (Id. at 30).

On June 14, 2011, Plaintiff requested that the Appeals Council review the ALJ's decision, stating that "[t]he ALJ's decision is based on errors of law and not supported by substantial evidence." (Id. at 20). Plaintiff's request for review ("Request for Review") was denied on September 4, 2012, making the ALJ's finding on May 6, 2011, the final decision of the Commissioner. (Id. at 2).

On November 5, 2012, Plaintiff filed a Complaint seeking judicial review of the Commissioner's holding to deny SSI benefits. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 12), and Memorandum in Support, (Doc. No. 13), were filed on March 18, 2013, and Defendant's Motion for Summary Judgment, (Doc. No. 14), and Memorandum in Support, (Doc. No. 15), were filed on May 10, 2013. The pending motions are ripe for disposition.

B. Factual Background

The question before the ALJ was whether Plaintiff had been disabled[2] since the April 23, 2009, application date and date of his decision. (Doc. No. 10-3 at 25). Although the ALJ

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

informed Plaintiff of the right to be represented by an attorney or other qualified representative, Plaintiff proceeded without representation. (Id. at 38). After reviewing all the evidence, the ALJ concluded that Plaintiff had not been disabled since April 23, 2009. (Id. at 25).

To determine whether a claimant is disabled, the SSA established a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v).

Here, the ALJ found that Plaintiff failed to satisfy step three. (Doc. No. 10-3 at 27). Specifically, the ALJ found that even though Plaintiff "worked after the application date, . . . this work activity did not rise to the level of substantial gainful activity," and therefore, step one was met. (Id. at 27). The ALJ also found that Plaintiff met step two because her mild retardation is a

---

can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

severe impairment under 20 C.F.R. 416.920(c). The ALJ, however, found that step three was not met because Plaintiff did not meet the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing(s)"). (Id.). The ALJ reasoned that the record supports a finding that Plaintiff did not meet "the 'C' criteria of the Listing of Impairments" because her "activities of daily living, social functioning and concentration, persistence, or pace" were only moderately limited, and there were "no episodes of decompensation." (Id.).

Then, under step four, the ALJ found that Plaintiff "has the residual functional capacity to perform medium work" as defined by the physical exertion requirements set out in 20 CFR 416.967(c), "except simple, routine, repetitive tasks in a non-production work environment with occasional interpersonal interaction, and occasional contact with the public." (Id.). Accordingly at step five, testimony from a vocational expert ("VE") resulted in the ALJ determining that Plaintiff could continue working her current job because the activities that Plaintiff's residual functional capacity precludes her from performing, are not required. (Id. at 30). The VE also stated that Plaintiff could work as a laundry labeler, kitchen helper/preparation cook, and hand packer. (Id.).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v.

4

Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff, on appeal to this Court, assigns error to the ALJ's decision on two grounds: (1) subsequent review cannot be reached because the ALJ erred by "failing to consider and thus not finding that the claimant's mental retardation meets the requirements of Listing 12.05B," (Doc. No. 13 at 1), and (2) even if the ALJ did consider and find that 20 C.F.R. Part 404, Subpt. P,

5

App.1, Listing § 12.05(B) ("Listing 12.05B") was not met, such finding was not based upon substantial evidence, (Id.). The Court reviews each Plaintiff's assignments of error in turn.

A.    Identification and Consideration of Listing 12.05B

Plaintiff asserts that the ALJ erred by concluding that no listed impairment was satisfied without providing analysis on how that conclusion was met. (Doc. No. 13 at 9). Specifically, Plaintiff argues that subsequent review cannot be reached, and remand is required, because the ALJ failed to identify and consider Listing 12.05B even though evidence showed that she had a Verbal IQ of 58. (Id. at 10).

Conversely, the Commissioner argues, and this Court agrees, that the ALJ was not required to discuss specifically Listing 12.05B. Although Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986), held that the ALJ has to identify "the relevant listed impairments" and analyze whether evidence meets each listing, the Fourth Circuit later held that Cook is not "an inflexible rule requiring an exhaustive point-by-point discussion in all cases." Russell v. Chater, No. 94-2371, 1995 LEXIS 17254 at *3 (4th Cir. July 7, 1995); Ketcher v. Apfel, 68 F. Supp. 2d 629, 645 (D. Md. 1999) ("Under Cook, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments.") (emphasis added).

There is not ample evidence that Plaintiff satisfies Listing 12.05, and therefore, the ALJ was not required to discuss Listing 12.05B. Although Plaintiff's Verbal IQ of 58, (Doc. No. 10-8 at 92), meets Listing 12.05B's requirement of "[a] valid verbal, performance, or full scale IQ of 59 or less," 20 C.F.R. Part 404, Subpt P, App. 1, Listing § 12.05(B) (2013), there is not ample

6

evidence of "deficits in adaptive functioning initially manifested during the developmental period . . ." – a threshold requirement for satisfying Listing 12.05. 20 C.F.R. Part 404, Subpt P, App. 1, Listing § 12.05. The substantial evidence that Plaintiff does not lack deficits in adaptive functioning is as follows: Plaintiff counts change, uses a dictionary, writes letters, follows instructions, (Doc. No. 10-8 at 7), socializes with friends, (Id. at 92), washes and dresses herself, prepares food, cares for her dog, (Doc. No. 10-7 at 24, 25), shops in stores, works ten hours a week, attends community college, (Doc. No. 10-3 at 41, 44), and performs many other tasks that support the ALJ's finding that Listing 12.05 was not met.[3] See Jackson v. Astrue, 467 F. App'x 214, 218 (4th Cir. 2012) (quoting Atkins v. Virginia, 536 U.S. 304, 308 n.3 (2002)) (establishing that adaptive skill areas include: "communication, self-care, home living, social skills, community use, self-direction, health and safety, functional academics, leisure, and work"). Additionally, state agency physician Rudy Warren, M.D., determined on August 24, 2009, that while Plaintiff has an IQ of 59 or less as listed in 12.05B, Plaintiff's "adaptive functioning is not described as having been significantly impaired." (Doc. No. 10-8 at 36).

Plaintiff must show that her impairment meets or medically equals "all of the specified medical criteria" of the listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." (Id.); see also Hancock v. Astrue, 667 F.3d 470, 475 (4th Cir. 2012) (establishing that even if claimant's IQ scores fall within the required range, Listing 12.05 is not satisfied if substantial evidence indicates that claimant can perform tasks "beyond the capacity of a mentally retarded person").

---

[3] This is an unexhausted list demonstrating that Plaintiff does not have significant deficits in adaptive functioning. Plaintiff also is working toward her GED and testified that she could work full time as an office assistant. (Doc. No. 10-3 at 43, 44).

Although Plaintiff satisfied the IQ requirement, she failed to offer sufficient evidence of a deficit in adaptive functioning. Therefore, the ALJ did not err in declining to discuss specifically Listing 12.05B because there is not ample evidence to support a determination that Listing 12.05B is met.

      B.      <u>Whether Substantial Evidence Supports the ALJ's Decision</u>

Plaintiff claims that even if 12.05B was considered, the ALJ's finding was not supported by substantial evidence because only the odd numbered pages of the Psycho-educational Evaluation report were before the ALJ. (Doc. No. 13 at 10). However, Plaintiff fails to show how she was prejudiced by the ALJ only having the odd numbered pages of the Psycho-Educational Evaluation before him. See <u>Shinseki v. Sanders</u>, 556 U.S. 396, 409 (2009) (establishing burden of proving prejudice is on the party seeking to have a judgment set aside because of an agency's ruling). Further, Plaintiff never offers the even-numbered pages of the Psycho-educational Evaluation report to support her argument that she satisfies Listing 12.05B. <u>See</u> 28 U.S.C. § 2111 ("[T]he court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").

Plaintiff also asserts that the evidence on record establishes significant deficits in adaptive functioning and a verbal IQ of 58, and therefore, reversal is appropriate because Listing 12.05B is satisfied. (Doc. No. 13 at 11). However, as discussed earlier, the ALJ did not err by finding that no listed impairment was met because substantial evidence establishes that Plaintiff did not lack significant deficits in adaptive functioning.

8

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: July 12, 2013

Robert J. Conrad, Jr.
United States District Judge